

FILED & ENTERED

APR 27 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY beauchan DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

|  |  |
|---|---|
| In re:<br><br>BGM Pasadena, LLC<br><br><br><br><br><br>Debtor(s). | Case No.: 2:15-bk-27833-BB<br><br>CHAPTER 11<br><br>**MEMORANDUM DECISION REGARDING MOTION FOR STAY PENDING APPEAL**<br><br>(No hearing held) |

On April 21, 2016, the court entered two orders granting relief from the automatic stay (jointly, "the Stay Relief Orders") [Docket Nos. 188 and 189] authorizing secured creditor Pasadena Apts-7, LLC ("Secured Creditor") to exercise its rights and remedies with regard to the real property located at 210, 244-248 S. Orange Grove Boulevard in Pasadena, California, and a related Rose Parade easement (the "Property"). The Court did not waive the provisions of Fed. R. Bankr. Proc. 4001(a)(3) in connection with the issuance of these orders.  Accordingly, absent the issuance of some form of injunctive relief, the Stay Relief Orders are currently scheduled to become effective on May 5, 2016.

On April 22, 2016, debtor and debtor in possession BGM Pasadena, LLC ("Debtor") filed a motion seeking a stay pending appeal of the Stay Relief Orders.  The Court has reviewed and considered the foregoing motion (the "Debtor's Motion"), the accompanying Request for Judicial Notice in Support of Emergency Motion for Stay Pending Appeal, the Secured Creditor's opposition thereto, a joinder in that opposition filed by senior secured creditor Cantor Group, LLC, as successor to Citizens Business Bank, and the Court's records and files in this chapter 11 case and hereby denies that motion for the reasons set forth below.

# I

# APPLICABLE LAW

The standard for evaluating a motion for a stay pending appeal is similar to that used to decide whether to grant a preliminary injunction.  The Court must in the exercise of its judicial discretion based on the facts and circumstances of the particular case evaluate the following four factors:

1.  whether the applicant has made a strong showing that it is likely to succeed on the merits of its appeal;

2.  whether applicant will be irreparably injured absent the issuance of a stay;

3.  whether issuance of a stay will substantially injure other interested parties; and

4.  where the public interest lies.

Nken v. Holder, 556 U.S. 418, 433, 129 S. Ct. 1749 (2009).  The Ninth Circuit has applied this standard using a flexible approach that has been described as a "sliding scale," under which the applicant must show that irreparable harm is probable and either that (1) there is a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay or (2) appellant has a substantial case on the merits and the balance of hardships tips sharply in the petitioner's favor.  Leiva-Perez v. Holder, 640 F.3d 962 (9th Cir. 2011).

## II

## LIKELIHOOD OF SUCCESS ON THE MERITS

Debtor has failed to carry its burden of proof on the issue of the likelihood of success on the merits, even under the flexible approach adopted by the Ninth Circuit in Leiva-Perez, supra.  The Court granted the Secured Creditor's motions for relief from stay (jointly, the "Relief Motions") under both Bankruptcy Code section 362(d)(1) and Bankruptcy Code 362(d)(3), either one of which grounds is sufficient to sustain the result.

Although the Court expressed the view that a debtor must file and obtain approval of a disclosure statement even if it contends that all classes in its proposed plan are unimpaired and not entitled to vote on its plan, the Court's conclusion that the Secured Creditor was entitled to relief from stay under section 362(d)(3) was not based exclusively or even primarily on the debtor's failure to file a disclosure statement.

Pursuant to section 362(d)(3), a creditor with a lien against "single asset real estate" as defined by Bankruptcy Code section 101(51B) is entitled to relief from the automatic stay unless, within 90 days after the petition date,[1] the debtor has either (1) filed a plan of reorganization "that has a reasonable possibility of being confirmed within a reasonable time" or "commenced making monthly payments . . . . "  Although the Debtor represented that it had tendered one set of monthly payments shortly after the commencement of the case, it conceded on the record at the time of hearing on the Relief Motions that it had ceased making monthly payments thereafter.  It seems highly unlikely that any appellate court would conclude, therefore, that the Debtor had "commenced making monthly payments" within the meaning of section 362(d)(3).

Therefore, the Secured Creditor's right to relief under this section turns on whether the plan proposed by the Debtor had a reasonable possibility of being

---

[1] Or, if there is a dispute about whether a piece of property is "single asset real estate," within 30 days after a determination is made that the property qualifies as such.  In this case, however, the parties have never disputed that the Property is single asset real estate.  The petition filed commencing this chapter 11 case contains an admission to this effect.

confirmed within a reasonable period.  This Court held that it did not.  The plan in its present form has no prospect whatsoever of being confirmed.  It is true that the Debtor may be able to propose a different plan at some point in the future that would have had a higher likelihood of being confirmed, but that is not what section 362(d)(3) requires as a condition to continuation of the automatic stay.  A confirmable plan should have been filed within the first 90 days of the case.

The whole purpose of section 362(d)(3) is to expedite the process of proposing a realistic plan in cases that Congress believed should and could move promptly toward reorganization.  If a debtor wants to take more than 90 days to formulate its plans for reorganization, Congress decided that the debtor should have to pay for that privilege by making monthly payments.  Here, the debtor filed an unrealistic bare-bones plan early in the case, a slightly-revised version shortly thereafter and an amended version of that plan more than 90 days after the case was filed, but none of these versions has a realistic prospect of reorganization within a reasonable period.  This is insufficient to prevent the grant of relief from stay under section 362(d)(3).

The Debtor's plan cannot be confirmed in its present form (or in either of the forms filed prior to the 90-day deadline), as the treatment proposed for the Secured Creditor is not confirmable (among other reasons).  The plan represents that the Secured Creditor's claims are unimpaired (and, therefore, that the Secured Creditor is not entitled to vote), but this is not the case.  The plan understates the amount of the Secured Creditor's second priority deed of trust by more than $600,000 and the amount of its fifth priority deed of trust by more than $1,800,000.[2]  Thus, the Court held that the plan was not likely to be confirmed within a reasonable period and that relief from stay was warranted under section 362(d)(3).

---

[2] The settlement agreement approved by the bankruptcy court in the Debtor's prior bankruptcy case, which was attached as an Exhibit to the Relief Motions [Docket Nos. 92 and 93], at internal page 6, section 11.2, provides that the Secured Creditor's junior claim can only be cashed out at $600,000 (rather than the full amount of $2.4M) if there are no uncured defaults.  And there are uncured (and arguably incurable) defaults.

In addition, the Court found cause to grant relief from the automatic stay based on the terms of the settlement agreement approved in the Debtor's prior bankruptcy case.  The Debtor objects that it was unaware that the creditor would be relying on this argument until the creditor filed its reply brief a week before the hearing.  However, the original Relief Motions did seek relief from stay under section 362(d)(1) "for cause" based on a lack of adequate protection and did include a copy of the settlement agreement from the prior bankruptcy case (the "Settlement Agreement") as an exhibit. The Debtor had an opportunity to present, and the Court had an opportunity to consider, arguments and authorities concerning the enforceability of the automatic stay waivers contained in that agreement.  Thus, the Court is satisfied that the notice given to the Debtor of the Secured Creditor's intention to advance this argument was sufficient under the circumstances of this case.

Section 16.2 of the Settlement Agreement, at internal page 9, contains the following waiver:

> [I]n the event of a filing of any such a bankruptcy case [a subsequent filing by the Debtor], Debtor agrees that sufficient cause exists for the bankruptcy court having jurisdiction over such bankruptcy case to grant Creditors relief from the automatic stay based upon, among other things, lack of adequate protection. Debtor irrevocably consents and waives any right to object, and Creditors shall be entitled, to an order granting relief from any and all stays, including the automatic stay imposed by 11 U.S.C. §362 or equitable relief under 11 U.S.C. §105, or other applicable law, so as to permit Creditors to foreclose upon the Property and to exercise any and all other rights and remedies of Creditors under applicable law, this Agreement or any other Loan Document.

Debtor argued at the hearing on the Relief Motion that prepetition waivers of the automatic stay are unenforceable.  While it is true that courts have generally treated waivers of the automatic stay as unenforceable when they are contained in prepetition agreements between a lender and a borrower (because the interests of third parties, such as unsecured creditors, for whose benefit the automatic stay exists were not considered at the time the agreement was made), the same cannot be said of waivers that are approved after notice and an opportunity for hearing in the context of an earlier

1  bankruptcy case.  When such a waiver is made a part of a confirmed plan or a court-

2  approved settlement agreement, either with the consent of unsecured creditors or after

3  they have received notice and an opportunity to object, absent changed circumstances,

4  such waivers have routinely been enforced.  The Debtor in this case has not identified

5  any facts or circumstances that should make this Court unwilling to enforce the parties'

6  earlier court-approved settlement.  That agreement contemplated that the Secured

7  Creditor would be entitled to relief from the automatic stay if the Debtor filed another

8  bankruptcy case.  It seems highly unlikely that an appellate court would permit the

9  Debtor to disregard the terms of this agreement and avoid having to abide by the terms

10  of a settlement agreement previously approved by this Court.

11      For these reasons, this Court finds that the Debtor has failed to make either a

12  strong showing that it is likely to succeed on the merits of its appeal or that

13  there is a strong likelihood of success on the merits of its appeal.

14

15  ### III

16  ### IRREPARABLE INJURY

17      The Debtor argues that there will be irreparable injury if a stay is not issued

18  because, absent the issuance of a stay pending appeal, the Secured Creditor will be

19  able to foreclose upon the Property, which consists of three historic and unique

20  buildings and the loss of real property is traditionally considered irreparable injury.

21  However, this argument overlooks the fact that the Debtor repeatedly argued on the

22  record at the time of hearing on the Relief Motions and the confirmation of its plan that it

23  had on hand, or would within a few days have on hand, sufficient money to pay the

24  amounts due the foreclosing creditor in full.  These funds were to come from a

25  nondebtor affiliate who does not need this court's authority to use this money, if

26  necessary, to prevent a foreclosure or to purchase the Property at the foreclosure sale.

27  Thus, this Court is not persuaded that the Debtor has established that irreparable injury

28  will in fact ensue if a stay is not issued.

1

2

## IV

## IMPACT OF STAY ON NONDEBTOR PARTIES AND PUBLIC

## INTEREST CONSIDERATIONS (FACTORS 3 AND 4)

In connection with any evaluation of whether to issue a stay pending appeal, the Court must also consider the impact that the issuance of a stay would have on the appellee and other third parties. Were this Court to issue a stay pending appeal, the Debtor's entire bankruptcy case could end up in an indefinite holding pattern, while the Debtor retained the Secured Creditor's collateral and failed to make monthly payments in exchange. With a stay pending appeal of the Relief Orders in place, the Debtor would no longer have any incentive to move forward with confirmation of a plan of reorganization to keep the Secured Creditor from foreclosing, as the Secured Creditor would be effectively precluded from obtaining relief from stay until one or more appellate courts ruled on the Debtor's appeal. This was certainly not Congress' intent in adopting section 362(d)(3). While it is true that there is a senior creditor (Cantor Group, LLC, as assignee of Citizens Business Bank) who could take action in an effort to move this case forward and who would not be precluded from moving for relief from stay, a foreclosure by this creditor would wipeout entirely any liens held by junior creditors, including the Secured Creditor. And the tools available to this Court to effectively manage the underlying bankruptcy case and move it forward toward resolution would be significantly limited  if a stay pending appeal were issued.

## V

## CONCLUSION

Based on the foregoing, the Court will enter concurrently herewith an order denying the Debtor's Motion. Nevertheless, as several days have elapsed since the Debtor's Motion was filed and this Court would like the Debtor to have an opportunity to present its motion for a stay pending appeal to the Bankruptcy Appellate Panel or the

District Court[3] before the Stay Orders become effective, the order entered on the Debtor's Motion will include a two-week extension of the 14-day stay of Fed. R. Bankruptcy Procedure 4001(a)(3).

# # #

Date: April 27, 2016

Sheri Bluebond
United States Bankruptcy Judge

---

[3] As the Debtor has not yet filed a notice of appeal and has therefore not yet made an election as between the Bankruptcy Appellate Panel and the District Court.